**COMMONWEALTH of Pennsylvania,
Appellee**

**v.**

**Sabor COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 24, 2009.
Filed Dec. 1, 2009.

Steven C. Leach, Drexel Hill, for appellant.

William R. Toal, III, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, POPOVICH, and HUDOCK *, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Appellant, Sabor Coleman, appeals from the judgment of sentence entered on February 23, 2009, as made final by the denial of post-sentence motions on March 5, 2009. We affirm.

¶ 2 The trial court set forth the factual history as follows:

On June 9, 2008 at approximately 9 a.m., Christine Lotkowski ("Lotkowski"), the property manager for Merion Terrace Apartments in Upper Darby, received a call for a domestic dispute in apartment B–109, Appellant's residence. In response to this report, Lotkowski called the police. After receiving another call from her staff, Lotkowski again called the police.

She watched apartment B–109, located on the first floor, from the window of her office while waiting for the police to arrive. Her office is located approximately 200 yards away from the window to her office. While watching, she observed Appellant drop something white, which she described as a roll of small paper towels, outside his window. She informed Charles Bethel ("Bethel"), the maintenance manager of Merion Terrace Apartments, to tell the police that she saw Appellant drop something white out of the window.

Officer Francis George ("Officer George"), Officer Thomas Thompson ("Officer Thompson"), and Officer Randy Desrosiers ("Officer Desrosiers"), of the Upper Darby Township Police Department, responded to the Merion Terrace Apartments for a radio dispatch call of a domestic dispute. Upon arrival, Officer George was met by Bethel and escorted to apartment 109–B. He could hear a male screaming at a female and could here [sic] her crying. Officer George knocked on the door, announced that it was the police and waited approximately one minute before the door was opened.

Upon entry into the apartment[,] he observed Appellant, wearing only his underwear, and noticed that he was very fidgety and nervous. After Appellant failed to respond to numerous commands, Officer Thompson placed him in handcuffs for officer safety. Jean–Louis came out of the bathroom. Officer George observed that she was very upset and still crying.

While investigating the domestic dispute, Officer George observed two marijuana cigarette roaches on the kitchen sink. Appellant told Officer George that they belonged to him.

Bethel arrived at the apartment and called Officer Desrosiers out to speak with him. Bethel told Officer Desrosiers that Lotkowski had seen Appellant throw an item out the window upon police arrival. Officer Desrosiers and Be-

thel went outside and Officer Desrosiers located a sock between a bush and the window of Appellant's apartment. There was no other debris or trash visible in the area. Officer Desrosiers retrieved the sock. Officer Desrosiers could feel that there was something inside the sock. When he opened it he found a glass vial and a glassine baggie, both containing a white powdery substance. Lotkowski watched as police retrieved the object she had watched Appellant throw outside the window.

Officer Desrosiers returned to the apartment and advised him of the evidence he had recovered. Both Appellant and Jean–Louis were arrested and taken into custody. Officer Desrosiers went into the bedroom to confirm that the window to apartment B109 was the same window under which he had recovered the sock and that it could be opened. On the floor, under the window, Officer Desrosiers recovered another glass vial containing a white chalky substance.

Trial Court Opinion, 4/29/2009, at 2–4

¶ 3 Appellant and his co-defendant, Jean–Louis, were charged with several drug-related offenses. A two-day jury trial began on January 14, 2009. The jury convicted Appellant of possession with intent to deliver (cocaine), possession of a controlled substance, and possession of drug paraphernalia.[1] On February 23, 2009, the trial court sentenced Appellant to a term of two to four years' imprisonment for the possession with intent to deliver conviction and a consecutive term of four to eight months' incarceration for the possession of drug paraphernalia conviction.

Appellant filed post-sentence motions, which were denied on March 5, 2009. This appeal followed.[2]

¶ 4 Appellant raises the following issue for our review:

Whether the Commonwealth failed to prove beyond a reasonable doubt that Appellant was in possession of drug paraphernalia and whether the weight of the evidence purportedly connecting Appellant to the controlled substances in question was so weak and inconclusive that no reasonable jury could have found him guilty beyond a reasonable doubt?

Appellant's Brief at 4.

¶ 5 Appellant first argues that there was insufficient evidence to convict him of possession of drug paraphernalia. Appellant alleges that at trial, the Commonwealth focused more on the possession with intent to deliver offense than the possession of drug paraphernalia charge. *Id.* at 14. Appellant states that the testimony established a lack of drug paraphernalia. *Id.* Therefore, Appellant claims that the evidence was used to demonstrate delivery rather than personal consumption. *Id.* at 18.

¶ 6 Our standard of review when considering a challenge to the sufficiency of the evidence requires us to look at the evidence in a light most favorable to the verdict winner and determine whether the evidence presented, actual and/or circumstantial, was sufficient to enable a fact finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. O'Brien,* 939 A.2d 912 (Pa.Super.2007).

---

1. 35 P.S. §§ 780–113(a)(30), (a)(16), and (a)(32), respectively.

2. On April 2, 2009, the trial court ordered Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b) within 21 days. Appellant filed a timely concise statement on April 21, 2009. The trial court issued an opinion under Pa. R.A.P. 1925(a) on April 29, 2009.

In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition we note that the facts and the circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Id.* at 913–914, *quoting Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001), *appeal denied,* 569 Pa. 716, 806 A.2d 858 (2002) (citations and quotations omitted).

¶ 7 Possession of drug paraphernalia is defined as:

The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780–113(a)(32). Drug paraphernalia is defined as:

all equipment, products and materials of any kind which are used, intended for use or designed for use in ... **storing, containing, concealing** ... a controlled substance in violation of this act.

. . .

■ In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use

... the proximity of the object, in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of this act ... the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

35 P.S. § 780–102 (emphasis added). "To sustain a conviction for possession of drug paraphernalia[,] the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by Commonwealth through circumstantial evidence." *Commonwealth v. Little,* 879 A.2d 293, 300 (Pa.Super.2005), *appeal denied,* 586 Pa. 724, 890 A.2d 1057 (2005).

¶ 8 A review of the record reveals the following. The property manager at Merion Terrace Apartments, Lotkowski, testified that she observed Appellant throw a white object outside his window. N.T., 1/14/2009, at 81. Officer Desrosiers recovered the white object from outside Appellant's apartment window. *Id.* at 125. Officer Desrosiers testified that he looked inside the sock and found one glass vial, which appeared to have a cocaine-based substance in it, and a plastic bag, which contained a white powdery substance. *Id.* at 126. When Officer Desrosiers went inside the apartment to inform the other officers of what he located, he noticed another vial, which also contained a powdery white substance, at the base of Appellant's bedroom window. *Id.* at 128. Officer Bernhardt testified that the substance

found in the two vials and plastic bag was tested and determined to be 9.6 grams of crack cocaine. *Id.* at 166–168, 172. He stated that the items recovered from Appellant's apartment were possessed with an intent to deliver based on the following evidence: (1) the addictive nature of crack cocaine; (2) the large quantity found in the sock and on the window; and (3) no paraphernalia was recovered to demonstrate personal use of the drugs. *Id.* at 170–179.

¶ 9 In its opinion, the trial court found the following: "In this case, Appellant used the glass vials, glassine baggie and sock to store and conceal the cocaine. These items meet the definition of drug paraphernalia and the jury was able to conclude, based on the evidence presented that Appellant was in possession of these items." Trial Court Opinion, 4/29/2009, at 9. We agree.

¶ 10 Viewing the evidence in the light most favorable to the Commonwealth, our review of the record reflects Appellant used the glass vials, glassine baggie, and sock to store, contain, and conceal the crack cocaine. *See* 35 P.S. § 780–102. Moreover, we note that drug paraphernalia is not solely confined to personal use and may be applied to drug sales or distribution.[3] Here, the officers' testimony clearly established that the items possessed by Appellant were used to store the crack cocaine and thus constitute drug paraphernalia. *See Little.* Thus, Appellant's sufficiency claim fails.

¶ 11 Appellant also argues that the verdict was against the weight of the evidence. Appellant's Brief at 19. Specifically, Appellant alleges that Lotkowski's testimony was implausible. *Id.* at 20. He states that the "mere fact that she was able to see such an action from a distance of 200 yards for 'a couple of seconds' without the aid of any vision enhancement is, in itself, difficult to believe." *Id.* Appellant also states that a tree outside Lotkowski's office and the plants in her office window obstructed her ability to view and identify Appellant as the person responsible for throwing the sock outside the apartment window. *Id.* Therefore, Appellant concludes that the trial court committed an abuse of discretion and that he should be afforded a new trial.

¶ 12 We conduct our review according to the following standard:

A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Cousar,* 593 Pa. 204, 928 A.2d 1025, 1036 (2007), cert. denied, —— U.S. ——, 128 S.Ct. 2429, 171 L.Ed.2d 235 (U.S.2008). "One of the least assailable

---

**3.** *See Commonwealth v. Carpenter,* 955 A.2d 411, 415 (Pa.Super.2008) (the presence of drug paraphernalia in the defendant's home, including scales and packaging materials, established possession with intent to deliver).

reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 753 (2000).

¶ 13 We have reviewed the record, the trial court opinion, and the applicable law. The record supports the trial court's assessment. Here, the jury was free to believe Lotkowski's observations regarding what she saw on the morning of June 9, 2008. *Cousar*, 928 A.2d at 1036. Moreover, there was ample evidence from the investigating officers to support Lotkowski's statements. Therefore, we conclude that the verdict is not so contrary to the evidence as to shock one's sense of justice. *Id.* Thus, the trial court did not abuse its discretion in denying a new trial. Accordingly, Appellant's weight argument fails.

¶ 14 Judgment of sentence affirmed.