J-S51043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMEEL R. MINCEY, | : | |
| | : | |
| Appellant | : | No. 1505 MDA 2013 |

Appeal from the Judgment of Sentence entered on July 18, 2013
in the Court of Common Pleas of Lycoming County,
Criminal Division, No. CP-41-CR-0001155-2012

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 22, 2014**

Jameel R. Mincey ("Mincey") appeals from the judgment of sentence imposed following his convictions of one count each of possession with the intent to deliver, possession of drug paraphernalia, public intoxication and disorderly conduct.[1] We affirm.

The trial court set forth the underlying facts as follows:

At approximately 2:41 a.m. on June 22, 2012, Williamsport police officers were dispatched to the Sheetz at 105 Maynard Street for a fight in progress. When the police arrived, they observed a white male, a white female, and [Mincey] involved in a verbal altercation. The police tried to separate the individuals. Officer Jonathan Deprenda spoke to [Mincey] and asked [Mincey] to tell him what happened. [Mincey] told Officer Deprenda that the white male had hit him in the mouth and then he stepped towards the white male. Officer Deprenda was between the two men and walked [Mincey] towards his vehicle. He noticed a strong odor of an alcoholic beverage coming from [Mincey]'s person. [Mincey] also was very unsteady on his feet,

---

[1] 35 P.S. § 780-113(a)(30), (32); 18 Pa.C.S.A. §§ 5503(a)(1), 5505.

nearly falling over as [he] got to Officer Deprenda's vehicle. Officer Deprenda asked [Mincey] to identify himself or produce identification, but [Mincey] wouldn't give his name or produce identification. Officer Deprenda took [Mincey] into custody for disorderly conduct and public drunkenness and transported him to City Hall where he was identified as … Mincey.

Officer Deprenda searched [Mincey] incident to his arrest and discovered 19 baggies of cocaine contained within a larger "distribution" bag in [Mincey]'s left front pocket. The nineteen baggies of cocaine weighed 9.6 grams.

[Mincey] was charged with possession with intent to deliver a controlled substance, an ungraded felony; possession of drug paraphernalia, an ungraded misdemeanor; and the summary offenses of disorderly conduct and public drunkenness. Following a nonjury trial held on January 14, 2013, the court found [Mincey] guilty of all the charges.

On July 18, 2013, the court sentenced [Mincey] to 2½ to 5 years of incarceration in a state correctional institution for possession with intent to deliver a controlled substance and a consecutive 6 months to 1 year of incarceration for possession of drug paraphernalia. [The court imposed no further punishment for each of the summary offenses.]

[Mincey] filed a motion for reconsideration of sentence in which he asserted that[] the court's sentence was unduly harsh and excessive; the possession of drug paraphernalia charge should have run concurrently because the paraphernalia was the bags in which the cocaine was discovered; and the court failed to adequately consider [Mincey]'s need for drug and alcohol treatment. The court denied this motion, and [Mincey] filed a timely appeal.

Trial Court Opinion, 11/26/13, at 1-2 (footnote omitted).

On appeal, Mincey raises the following questions for our review:

1. Was the evidence presented at trial [] insufficient to prove beyond a reasonable doubt that [Mincey] was guilty of possession of drug paraphernalia; specifically because evidence established that he purchased the controlled

- 2 -

> substance as packaged and did not have separate implements for storage, ingestion, etc.?
> 2. Did the trial court abuse its discretion when imposing consecutive sentences for possessing drug paraphernalia and possession with the intent to deliver?

Brief for Appellant at 8.

In his first claim, Mincey contends that he did not have the requisite *mens rea* to be found guilty of possession of drug paraphernalia, as he bought the controlled substance "as is." *Id*. at 12-13. Mincey argues that he had no intent to use the baggies and that his sole objective was to obtain the cocaine for personal use. *Id*. at 13-14.

In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Bibbs*, 970 A.2d 440, 445 (Pa. Super. 2009) (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

*Id*. (citation and quotation marks omitted). "Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be

- 3 -

drawn from the combined circumstances." ***Commonwealth v. Scott***, 967 A.2d 995, 998 (Pa. Super. 2009).

Relevantly, 35 P.S. § 780-113(a)(32) prohibits the "use or possession with intent to use drug paraphernalia for the purpose of…packing, repacking, storing, containing, concealing, injecting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act." Drug paraphernalia is defined as "all equipment, products and materials of any kind which are used, intended for use, or designed for use in storing, containing, concealing … a controlled substance in violation of this act." 35 P.S. § 780-102.

The trial court addressed Mincey's claim as follows:

The law does not require the paraphernalia to be separate from the controlled substance. ***See Commonwealth v. Caban***, 60 A.3d 120 (Pa. Super. 2012) (Superior Court rejected a challenge to the sufficiency of the evidence for a paraphernalia conviction where the paraphernalia was the gift box and cellophane in which the marijuana was wrapped); ***Commonwealth v. Coleman***, 984 A.2d 998, 1000-1002 (Pa. Super. 2009) (glass vials, glassine baggie and sock which contained crack cocaine constituted drug paraphernalia). In fact, determining whether an object is drug paraphernalia a court should consider the proximity of the object to controlled substances. 35 P.S. § 780-102.

In this case, the bags clearly were being used to store or contain the cocaine. In fact, [Mincey] called a witness, James Geddy, to dispute the Commonwealth's characterization of the larger bag as a "distribution" bag. Mr. Geddy testified that there is no such thing as a distribution bag in the drug world. The bag was just a sandwich bag; its purpose was to keep the smaller bags of cocaine together so no one would lose any of them. [N.T., 7/18/13, at 69.] In other words, [Mincey]'s own evidence

- 4 -

> showed that the bags were being used to store or contain the cocaine. Therefore, this issue lacks merit.

Trial Court Opinion, 11/26/13, at 3-4. We agree with the sound reasoning of the trial court and conclude that the evidence was sufficient to convict Mincey of possession of drug paraphernalia. *See id*.

Mincey's second claim implicates the discretionary aspects of sentencing.

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa. C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Mincey filed a timely Notice of Appeal, preserved the issue in his Motion for Reconsideration, and included a Rule 2119(f) statement in his brief. In his Rule 2119(f) statement, Mincey claims that the trial court imposed consecutive sentences contrary to the fundamental norms of sentencing, as the sentence was "disproportionate to the nature of the offense," and the trial court failed to discuss Mincey's rehabilitative needs.

Brief for Appellant at 15. This claim raises a substantial question. *See*

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013).

The trial court addressed this claim as follows:

The court could impose separate sentences on these offenses, because the crimes did not merge. 42 Pa.C.S.A. § 9765 ("No crimes merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense"). Furthermore, "Pennsylvania law affords the sentencing court discretion to impose its sentences concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). A sentence will not be reversed on appeal unless the sentencing court abused its discretion. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.'" *Commonwealth v. Walls*, 592 A.2d 957, 961 (Pa. 2007), quoting *Commonwealth v. Smith*, 543 A.3d 893, 895 (Pa. 1996).

The court's decision to impose consecutive sentences in this case was neither unreasonable nor based on any partiality, prejudice, bias, or ill-will against [Mincey], but rather was motivated by a desire to protect the public. [N.T., 7/18/13, at 26-29; N.T., 8/1/13, at 12.] Although in many cases the court would not impose a consecutive sentence for a paraphernalia charge when there was no additional paraphernalia for ingesting or packaging controlled substances, this was not a typical case. Generally speaking, from 1996 to the present [Mincey] had difficulty refraining from selling drugs, using drugs, or driving a vehicle while he was under the influence of drugs or alcohol while his license was suspended except when he was incarcerated. He had been in and out of the criminal justice system with escalating consequences and nothing seemed to work. Furthermore, [Mincey] had three other cases that were being sentenced at the same time as this case. He committed the offenses in this case about two months after his arrest for possession of Percocet[,] and within eight days of his arrest for DUI. Then he committed another DUI about two months after

- 6 -

he committed the offenses in this case. [N.T., 7/18/13, at 5; N.T., 8/1/13, at 11.] These factors could have justified a sentence in the aggravated range or a lengthier maximum sentence for possession with intent to deliver cocaine,[fn] but the court did not do that. Instead, the court simply imposed a consecutive sentence of six months to one year on the paraphernalia charge, which under all the facts and circumstances was neither an abuse of discretion nor an excessive sentence.

---

[fn] The statutory maximum sentence for possession with intent to deliver cocaine was 20 years, because [Mincey] had prior convictions for delivery or possession with intent to deliver a controlled substance. 35 P.S. § 780-115.

---

Trial Court Opinion, 11/26/13, at 5 (footnote in original); **see also** N.T., 7/18/13, at 11-15, 26-29 (wherein the trial court discusses Mincey's rehabilitative needs and his prior history of addiction in rendering the sentence). Furthermore, the trial court was informed by a pre-sentence investigation report. N.T., 7/18/13, at 8-13; **see also** Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that where trial court had the benefit of pre-sentence investigation report, the court satisfies its requirement that the reasons for the sentence be placed on the record and all relevant factors considered).

Based on the foregoing, we conclude that the trial court did not abuse its discretion by imposing consecutive sentences and therefore adopt the sound reasoning of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014