J-A13026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN GRANDISON, | |
| Appellant | No. 331 WDA 2014 |

Appeal from the Judgment of Sentence January 22, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006600-2013

BEFORE: PANELLA, SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 24, 2015**

Appellant, Justin Grandison, appeals from the judgment of sentence entered on January 22, 2014, in the Allegheny County Court of Common Pleas. After careful review, we affirm in part, reverse in part, and remand with instructions.

The record reveals that on March 15, 2013, Assistant Duquesne Police Chief Scott Adams obtained and executed a search warrant for 637 South Fifth Street. N.T., Trial, 10/22-23/13, at 13. Assistant Chief Adams, accompanied by Detective Scott Klobchar, Detective Jonathan Love, and Detective Tom DeFelice of the Allegheny County Police Department knocked on the front door of 637 South Fifth Street, where they were met by Ms. Chandrea Buefort. *Id*. at 13-14. Assistant Chief Adams informed Buefort that they were investigating Appellant. *Id*. at 14. Buefort told the officers

that Appellant and his girlfriend, Ms. Javonna Gibson, were staying in a bedroom on the second floor to the right of the stairs ("the bedroom on the right"). *Id*. at 14-15, 50. Detective Klobchar searched the bedroom on the right and found a juice can containing baggy diapers,[1] two sifters, a hot plate, baking soda, .20 grams of crack cocaine, a digital scale, and a box of baggies. *Id*. at 32. The detectives also found an envelope addressed to "Javonna Gibson, 637 South Fifth Street, Duquesne, Pennsylvania." *Id*. at 40. This envelope contained two photographs of Appellant with unknown individuals. *Id*. at 39.

The police also searched the other upstairs bedroom ("the bedroom on the left"), which was occupied by Buefort and her boyfriend, who was Appellant's co-defendant, Kelly Parker. N.T., Trial, 10/22-23/13, at 50. Buefort testified that the bedroom on the left was like a living room because it is where the television and DVD player were located. *Id*. at 51. In the bedroom on the left, the officers found a cigar box containing a burnt metal spoon that appeared to have cocaine residue on it, baggy diapers, and torn plastic bags. *Id*. at 16-17. Inside a nightstand drawer, the officers

_____

[1] Baggy diapers are sandwich baggies with the corners torn off of them. *Commonwealth v. James*, 69 A.3d 180, 181 (Pa. 2013). The corners of the bag may be used as smaller bags to package controlled substances, and the remnants of the bag itself, which has no corners, resembles a diaper, hence the name.

discovered a bag that contained nineteen individually wrapped pieces of crack cocaine and Parker's Pennsylvania identification card. *Id*.

Appellant was not in the house when police executed the search warrant. When Detective Love and Detective DeFelice saw Appellant driving away from 637 South Fifth Street, they conducted a traffic stop. N.T., Trial, 10/22-23/13, at 41. The occupants of the vehicle were Appellant and Gibson. *Id*. The detectives removed Appellant from the car and searched his person. *Id*. at 41-42. Detective Love took a mobile telephone from Appellant's hand. *Id*. at 44. Police did not recover money or drugs from Appellant's person or from the vehicle. *Id*. at 46. The police subsequently conducted a search of activity on the telephone recovered from Appellant. N.T., Trial, 10/22-23/13, at 61. Chief Adams testified that some of the text messages on the phone revealed evidence of what he considered "street-level drug dealing." *Id*. at 62.

Appellant was charged with possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, possession of drug paraphernalia, and criminal conspiracy. Following a bench trial that was held on October 22, 2013 through October 23, 2013, Appellant was acquitted of conspiracy, but the trial court convicted him on the other charges. The trial court sentenced Appellant to a term of one and one-half to five years of incarceration on the PWID conviction, and imposed no further penalty on the other two counts. Appellant filed a timely post-

sentence motion that was denied on January 31, 2014, and this timely appeal followed.

On appeal, Appellant raises the following issues for this Court's consideration:

I.    Whether the evidence was sufficient to convict [Appellant] at Count 1—Possession of a Controlled Substance With Intent to Deliver, Count 2—Possession of a Controlled Substance, and Count 3—Possession of Drug Paraphernalia when the Commonwealth failed to prove, beyond a reasonable doubt, that he was in constructive possession of the drugs and drug paraphernalia?[1]

> [1]  In his Concise Statement, [Appellant] individually raised a failure-to-prove-constructive-possession challenge as to each conviction. (Docket Entry 25). For purposes of convenience and ease of the reader, [Appellant] has combined these three identical issues into one argument in his Brief for Appellant.

II.    Assuming, *arguendo*, that [Appellant] constructively possessed the drugs, whether the evidence was sufficient to sustain his conviction at Count 1—Possession of a Controlled Substance With Intent to Deliver when the Commonwealth failed to prove, beyond a reasonable doubt, that he possessed the drugs with the intent to deliver them?

Appellant's Brief at 5 (footnote in original).  Because these issues are interrelated, we address them concurrently.

In reviewing challenges to the sufficiency of the evidence, "our standard of review is *de novo*, however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Forrey**, 108 A.3d 895, 897 (Pa. Super.

- 4 -

2015) (citation omitted). "Evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt." *Id*. (citation omitted). The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are left to the finder of fact. *Id*. (citation omitted). We will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id*. (citation omitted). Moreover, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Orr*, 38 A.3d 868, 873 (Pa. Super. 2011) (citation omitted). In applying the above test, the entire record must be evaluated and all evidence actually received must be considered. *Id*. Finally, the trier of fact while passing upon the credibility of witnesses is free to believe all, part, or none of the evidence. *Id*.

As noted above, Appellant was convicted of possession of a controlled substance, PWID, and possession of drug paraphernalia. To prove a defendant guilty of possession of a controlled substance, the Commonwealth must prove beyond a reasonable doubt that Appellant possessed a controlled substance. 35 P.S. § 780-113(a)(16). In order to uphold a conviction for PWID pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled

substance and did so with the intent to deliver it. **Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*). "The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case." **Commonwealth v. Conaway**, 791 A.2d 359, 362-363 (Pa. Super. 2002). "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." **Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa. Super. 2005). Expert opinion testimony is also admissible "to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver." **Commonwealth v. Ratsamy**, 934 A.2d 1233, 1237 (Pa. 2007).

When the contraband is not found on the defendant's person, the Commonwealth must prove that the defendant had constructive possession of the contraband, or that the individual had the ability and intent to exercise control or dominion over the contraband. **Commonwealth v. Dargan**, 897 A.2d 496, 503 (Pa. Super. 2006). In a situation where more than one person has access to the contraband, presence alone will not prove conscious dominion over the contraband. **Commonwealth v. Bricker**, 882 A.2d 1008, 1016 (Pa. Super. 2005) (citation omitted). "Rather, the Commonwealth must introduce evidence demonstrating either Appellant's participation in the drug-related activity or evidence connecting Appellant to

the specific room or areas where the drugs were kept." *Id*. (citation omitted).

> Finally, the crime of possession of drug paraphernalia is defined as:
>
> (32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780–113(a)(32). Drug paraphernalia is defined as: "all equipment, products and materials of any kind which are used, intended for use or designed for use in ... storing, containing, concealing ... a controlled substance in violation of [the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101 *et seq*. ("the Act")]." *Commonwealth v. Coleman*, 984 A.2d 998, 1001 (Pa. Super. 2009). In determining whether an object is drug paraphernalia, a court should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, the proximity of the object, in time and space, to a direct violation of the Act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of the Act, the existence and scope of legitimate uses for the object in the

community, and expert testimony concerning its use. *Id*. "To sustain a conviction for possession of drug paraphernalia[,] the Commonwealth must establish that items possessed by defendant were used or intended to be used with a controlled substance so as to constitute drug paraphernalia and this burden may be met by [the] Commonwealth through circumstantial evidence." *Id*. (citation omitted).

As discussed above, Buefort testified that Appellant shared the bedroom on the right with his girlfriend, Javonna Gibson. N.T., Trial, 10/22-23/13, at 50. In this bedroom, the police found baggy diapers, two sifters, a hot plate, baking soda, a digital scale, baggies, and a single piece of crack cocaine. *Id*. at 32. This evidence, which was accepted by the fact finder, proved that Appellant lived in the bedroom on the right, and it allowed the factfinder to reasonably infer that Appellant had the ability and intent to exercise control or dominion over the contraband found in his room. *Dargan*, 897 A.2d at 503. Pursuant to our standard of review, this evidence was sufficient to establish that Appellant constructively possessed the cocaine and paraphernalia, or jointly possessed the cocaine and paraphernalia. *Bricker*, 882 A.2d at 1016. We discern no error in the trial court's conclusion that this evidence was sufficient to prove Appellant possessed both the crack cocaine and drug paraphernalia found in the bedroom on the right.

However, we are constrained to agree with Appellant that the evidence was insufficient to prove that he was guilty of PWID. As noted, while Appellant constructively possessed a single piece of crack cocaine, the nineteen individually wrapped pieces of crack cocaine discovered in the house were not in Appellant's room, but in the room where Buefort and Parker lived. N.T., Trial, 10/22-23/13, at 16-17. The Commonwealth's expert, who concluded that contraband found in the home was consistent with the intent to deliver, combined the items found in the bedroom on the right and the items found in the bedroom on the left. *Id*. at 74-76. However, there is no evidence connecting Appellant to the bedroom on the left. As stated, Buefort testified that the room on the left was her room and that the bedroom on the right was Appellant's room. *Id*. at 50. There is no testimony from the Commonwealth's expert, or any other witness, that the small amount of crack cocaine found in Appellant's room supported the intent to deliver. Moreover, while there was paraphernalia and packaging material in Appellant's room, there is no evidence linking Appellant to possession of an amount of crack cocaine indicating the intent to deliver. Additionally, while the phone seized from Appellant contained activity consistent with street level drug dealing, the record contains no evidence that Appellant owned the phone or communicated on that phone. Accordingly, we conclude that the evidence was insufficient to prove PWID,

and therefore, we reverse Appellant's conviction and the judgment of sentence on PWID.

For the reasons set forth above, we affirm Appellant's judgment of sentence with respect to possession of a controlled substance and possession of drug paraphernalia. However, we reverse the guilty verdict and Appellant's judgment of sentence on PWID and remand for resentencing on the remaining counts. [2]

Judgment affirmed in part and reversed in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2015

_____

[2] Because our disposition disturbs the trial court's overall sentencing scheme, we remand for resentencing. **See Commonwealth v. Tanner**, 61 A.3d 1043, 1048 (Pa. Super. 2013) (stating that where this Court upsets the sentencing scheme envisioned by the trial court, the better practice is to remand for resentencing).