J-S20040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VALERIE MCDERMOTT, | |
| Appellant | No. 1470 WDA 2015 |

Appeal from the Judgment of Sentence July 22, 2015
in the Court of Common Pleas of Beaver County
Criminal Division at No.: CP-04-CR-0000003-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED MARCH 04, 2016**

Appellant, Valerie McDermott, appeals from the judgment of sentence imposed pursuant to her jury conviction of possession of drug paraphernalia.[1]  We affirm.

We take the following facts from the trial court's September 1, 2015 opinion and our independent review of the certified record.  On February 9, 2015, the Commonwealth filed an information against Appellant charging her with possession of drug paraphernalia and related crimes.  The case proceeded to trial on May 4, 2015.  At trial, the Commonwealth presented the following pertinent evidence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. 780-113(a)(32).

Officer Ronald L. Lutton of the Midland Borough Police Department testified that, on May 29, June 3, and June 6, 2014, the Midland Township Police Department conducted three controlled buys from Appellant at her home, 49 Midcrest Homes, with the assistance of their informant, Brian Ward. On each occasion, Ward would phone Appellant to arrange the purchase of controlled substances from her in the presence of Officer Lutton, who heads the department's drug investigations, and is a fourteen-year police veteran. Thereafter, at the time set for the drug buy, Officer Lutton would meet Ward at a remote location, conduct a thorough search of his person and vehicle, provide him with marked "buy" money, and escort him to Appellant's residence. Ward would then enter the home, and return moments later with the illegal prescription drugs and marijuana, which he immediately would give to Officer Lutton.

After the June 6, 2014 controlled buy, Officer Lutton obtained and executed a search warrant for Appellant's 49 Midcrest Homes residence. At the time that he executed the search, Appellant's roommates, Jesse Jackson and Monica Miller were at the home, but she was not. During the search of Appellant's bedroom, Officer Lutton recovered, among other things, two digital scales, plastic baggies, and a large bag of marijuana. He testified that, based on his experience and expertise in investigating drug cases, digital scales like the ones found in Appellant's bedroom are utilized to weigh contraband and fix prices.

On May 6, 2015, the jury convicted Appellant of possession of drug paraphernalia.[2] On July 22, 2015, the court sentenced her to one year of reporting probation. Appellant filed a post-sentence motion, which the court denied on September 1, 2015. Appellant timely appealed.[3]

Appellant raises one issue for this Court's review: "Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant possessed both digital scales and plastic baggies as drug paraphernalia as defined by statute?" (Appellant's Brief, at 6) (emphasis and unnecessary capitalization omitted). Specifically, Appellant argues that the evidence that the plastic baggies were drug paraphernalia was insufficient where they did not contain a controlled substance; and that the evidence as to the digital scales was insufficient because the only "evidence presented by the Commonwealth to suggest that the scales were possessed with the intent to use them with controlled substances" was the testimony of Officer Lutton. (*Id.* at 12). Appellant's issue lacks merit.

Our standard of review of this matter is well-settled:

_____

[2] The jury found Appellant not guilty of possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30).

[3] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on October 7, 2015. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on October 21, 2015, in which it relied on the reasons stated in its September 1, 2015 opinion. *See* Pa.R.A.P. 1925(a).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Giordano*, 121 A.3d 998, 1002-03 (Pa. Super. 2015) (citation omitted).

The Controlled Substance, Drug, Device and Cosmetic Act (the Act) defines possession of drug paraphernalia, in pertinent part, as "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of . . . packing, repacking, storing, [or] containing . . . a controlled substance in violation of this [A]ct." 35 P.S. § 780-113(a)(32). Drug paraphernalia

includes, but is not limited to . . . [s]cales and balances used, intended for use or designed for use in weighing or measuring controlled substances[;] . . . [c]apsules, balloons, envelopes and other containers used, intended for use or designed for use in packaging small quantities of controlled substances[; and] [c]ontainers and other objects used, intended for use or designed for use in storing or concealing controlled substances.

35 P.S. §§ 780-102(5), (9), (10).

- 4 -

> In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use . . . the proximity of the object, in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of this [A]ct . . . the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

35 P.S. § 780–102(b) [].  To sustain a conviction for possession of drug paraphernalia[,] **the Commonwealth must establish that items possessed by defendant were** used or **intended to be used with a controlled substance so as to constitute drug paraphernalia** and **this burden may be met by [the] Commonwealth through circumstantial evidence.**

***Commonwealth v. Coleman***, 984 A.2d 998, 1001 (Pa. Super. 2009) (case citation and quotation marks omitted) (emphasis added).

Preliminarily, we observe that Appellant's claim that the evidence was insufficient to establish that the baggies were drug paraphernalia because they did not contain any controlled substances fails.  (**See** Appellant's Brief, at 12).  The Commonwealth only was required to prove that Appellant possessed the baggies with the **intent** to use them for controlled substances, which, as stated above, can be proven through circumstantial evidence.  ***See Coleman***, ***supra*** at 1001; ***see also*** 35 P.S. §§ 780-102(b)(5), (9), (10), 780-113(a)(32).

Additionally, the evidence presented by the Commonwealth supports Appellant's conviction. Specifically, our review of the record reveals the Commonwealth established that Appellant sold illegal prescription narcotics and marijuana to a police informant, at her home, on three occasions within the week previous to the execution of the search warrant, (**see** N.T. Trial, 5/05/15, at 40-47, 100-04, 106-10, 115-17); upon executing the warrant, police found the plastic baggies, scales, and marijuana in her bedroom, (**see id.** at 119-23, 152); and, a fourteen-year police veteran, who leads the drug investigations section of the arresting police department, testified that, based on his experience, digital scales like the ones found in Appellant's bedroom are used for weighing and pricing controlled substances for sale, (**see id.** at 97, 122).

Viewing the foregoing in the light most favorable to the Commonwealth as verdict winner, we conclude that the jury could reasonably find that Appellant possessed the scale and the plastic baggies with the intent of using them with a controlled substance. **See Coleman**, **supra** at 1001; **Commonwealth v. Pitner**, 928 A.2d 1104, 1108 (Pa. Super. 2007), *appeal denied*, 944 A.2d 757 (Pa. 2008) ("Drug paraphernalia includes bags used to package or store marijuana.") (citation omitted). Therefore, the trial court properly found that there was sufficient evidence to establish that Appellant was guilty of possessing drug paraphernalia. **See**,

***Giordano***, ***supra*** at 1002-03; ***see also*** 35 P.S. §§ 780-102(b)(5), (9), (10), 780-113(a)(32).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016