J-S14030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FORREST JAMES WILSON | : | |
| | : | No. 802 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence February 17, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0008282-2016

BEFORE: OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 09, 2018**

Forrest James Wilson appeals from the judgment of sentence entered following his conviction for possession of a controlled substance and two counts of possession of drug paraphernalia.[1] Because we conclude the Commonwealth presented sufficient evidence to support the convictions, we affirm.

The trial court conducted a jury trial on February 17, 2017.[2] Officer Eugene Zurybida of the Brisol Township Police Department testified that he

_____

* Retired Senior Judge assigned to the Superior Court

[1] 35 P.S. § 780-113(a)(16) and 780-113(a)(32), respectively.

[2] The transcript for the trial and sentencing is dated February 7, 2017. However, the materials in the record, including the Verdict Sheet, the Bucks County Criminal Court sheets, and Court Commitment documents, are dated February 17, 2017. It appears the February 7 date on the transcript is a typographical error.

was on routine patrol on April 6, 2016, when he was dispatched to a reported domestic dispute. N.T., 2/7/17, at 9. When Officer Zurybida arrived at the location, he found Wilson in the driveway. *Id.* at 9-10, 12. After retrieving Wilson's name and date of birth, Officer Zurybida learned that there was an open arrest warrant for him. *Id.* at 10-11. Officer Zurybida arrested Wilson and conducted a search incident to arrest, finding, among other items, metal cylinders containing substances that Officer Zurybida suspected to be cocaine and marijuana. *Id.* at 11, 14. Branden Brunner, a forensic chemist, testified that he conducted a chemical test on one of the substances, which tested positive for cocaine. *Id.* at 40-41.

Wilson testified that when Officer Zurybida arrived at his residence he gave the officer his identification card. *Id.* at 46. He told the officer he did not want Sheila Hanes in his apartment and that she was "leaving stuff all over" the apartment. *Id.* Wilson testified that he gave Officer Zurybida "two or three vials with stuff in it" and told the officer that it was "her stuff." *Id.* at 46-47.

In rebuttal, the Commonwealth recalled Officer Zurybida, who testified that Wilson never stated the items found in his pocket belonged to Ms. Haines. *Id.* at 54. He also testified that Wilson did not hand the items to him; rather, he found them in Wilson's pockets during search. *Id.* at 55.

A jury found Wilson guilty of possession of a controlled substance and two counts of possession of drug paraphernalia.[3] The trial court sentenced

---

[3] The trial court found Wilson not guilty of possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31).

Wilson to six to 12 months' incarceration for the conviction for possession of a controlled substance and a consecutive three to 12 months' incarceration for one possession of drug paraphernalia conviction. The trial court ordered no further penalty for the second possession of drug paraphernalia conviction. Wilson filed a timely notice of appeal.

Wilson raises the following issue on appeal: "Was the evidence sufficient to support the conviction?" Wilson's Br. at 4.

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Ballard**, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that the Commonwealth proved each element of the crime charged beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (quoting **Commonwealth v. Hutchinson**, 947 A.2d 800, 805–06 (Pa.Super. 2008)).

Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**,

863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa.Super. 2007) (quoting **Commonwealth v. Frisbie**, 889 A.2d 1271, 1274–75 (Pa.Super.2005)).

To establish possession of a controlled substance, the Commonwealth must prove the defendant knowingly or intentionally possessed a controlled substance. 35 P.S. § 780-113(a)(16); **Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa.Super. 2012).[4] To establish possession of drug paraphernalia, the Commonwealth must prove the defendant used, or possessed with intent to use, drug paraphernalia. 35 P.S. § 780-113(a)(32); **Commonwealth v. Coleman**, 984 A.2d 998, 1001 (Pa.Super. 2009). The Commonwealth may establish possession by showing actual possession, constructive possession, or joint constructive possession. **Commonwealth v. Vargas**, 108 A.3d 858, 868 (Pa.Super. 2014) (*en banc*). Actual possession is established by proving that the item "was found on the defendant's person." **Id.**

Wilson concedes that the items retrieved were drug paraphernalia and cocaine, a controlled substance. Wilson's Br. at 11, 13. He argues that the

---

[4] The Commonwealth must also establish that the person who possessed the controlled substance was "not registered under this Act." 35 P.S. § 780-113(a)(16). This is not at issue here.

Commonwealth did not establish possession because he abandoned the items by giving them to Officer Zurybida and explaining to the officer that the items belonged to Ms. Haines.

The Commonwealth presented the testimony of Officer Zurybida that the cocaine and drug paraphernalia were found in Wilson's pockets during a search. This was sufficient to establish possession. Credibility determinations are for the jury, and the jury was not required to believe Wilson's testimony that he handed the items to the officer and that they did not belong to him. *See Kinney*, 863 A.2d at 584-85 (defendant attempted to convince jury of a different version of events, but "jury was free to believe all, part or none" of the evidence).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/9/18