J-A03031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDI SNOWDEN | : | |
| | : | |
| Appellant | : | No. 402 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005182-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

DISSENTING MEMORANDUM BY KUNSELMAN, J.: **FILED: February 12, 2024**

I agree with the Majority that when a person has a syringe, the totality of the circumstances can provide probable cause to believe that she is possessing illegal drug paraphernalia.  Majority, at 9–15.  I disagree that the totality of the circumstances in this case met that standard.

A syringe is drug paraphernalia only if it is used or intended for use in injecting a controlled substance.  35 P.S. § 780-102(b) (definitions).  Whether any object is drug paraphernalia is a question of fact determined by considering all relevant factors, including circumstantial evidence.  ***Id.***; ***see Commonwealth v. Coleman***, 984 A.2d 998, 1001 (Pa. Super. 2009).

In a similar vein, probable cause to support an arrest is based on the totality of the facts and circumstances known to a police officer at the time of the arrest.  ***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009).  An officer may thus arrest a person for possessing drug paraphernalia if the

officer reasonably believes that the person has an item that the person uses or intends to use with a controlled substance. ***Commonwealth v. Bumbarger***, 231 A.3d 10, 18–19 (Pa. Super. 2020). Mere possession of an item that can be legal to possess does not establish probable cause; however, it is a factor to be considered among the totality of the circumstances. ***See Commonwealth v. Barr***, 266 A.3d 25, 41–42 (Pa. 2021).

The circumstances in ***Bumbarger*** reasonably supported an officer's belief that syringes (which can be legal) were being used for an illegal purpose. ***Id.*** at 19. The officer testified that, based on his knowledge and experience, the syringes he saw were consistent with use as drug paraphernalia. ***Id.*** The officer viewed the syringes unsecured on the floor of a car, which is not consistent with legitimate medical use. ***Id.*** The syringes were located near the passenger, who appeared to be under the influence of drugs. ***Id.*** When the officer pointed out the syringes to her, she did not indicate that they were for medical use. ***Id.*** And the officer knew the passenger "to use and sell drugs." ***Id.*** Under the circumstances in ***Bumbarger***, the officer had probable cause to believe that the syringes were drug paraphernalia. ***Id.***

Here, unlike in ***Bumbarger***, Officer Lawrence had not met Snowden before June 6, 2022. N.T., Suppression, 2/2/23, at 6. Thus, he had no prior knowledge of whether Snowden was a drug user. Although Officer Lawrence at first saw Snowden "nodding off" while waiting for the bus, ***id.*** at 5, footage from his body-worn camera reflects that she alertly obeyed his commands and readily explained that she was tired from working at the store across the

street. The Commonwealth presented no testimony that users of illegal drugs will "nod off" and then immediately recover when confronted. Officer Lawrence did not ask Snowden about the "normal syringe[] with an orange cap on top" that she "kind of just tossed . . . to the side of her purse" when she was responding to his request for identification. *Id.* at 6–7. Instead, as soon as he saw the syringe, Officer Lawrence told Snowden to turn around and placed her under arrest. *Id.* at 7. Snowden, shocked, asked what she did wrong. Only then did Officer Lawrence inform her that she was under arrest for possessing the syringe in her purse. Officer Lawrence did not state at the suppression hearing whether the syringe was stored consistently with medical use, but a syringe in a purse is certainly different than one found on the floor of a car. *Cf. Bumbarger*, 231 A.3d at 19. Officer Lawrence did not describe his training or experience, although he did opine that the block where he saw Snowden was a "high drug area" and that syringes would be used to inject narcotics, commonly heroin. N.T., Suppression, 2/2/23, at 7.

I would hold that the totality of the circumstances here does not support probable cause of a crime. Officer Lawrence testified that, when he arrested her, Snowden had "nodded off" in a "high drug area" and possessed a syringe in her purse. However, I would conclude that these factors combined still do not amount to probable cause that Snowden was committing a crime. She was simply waiting for a bus to go on an errand for her business. There was nothing to cause a reasonably cautious person to believe that Snowden

intended to use the syringe to inject a controlled substance. Because I agree with Snowden that her arrest was unlawful, I respectfully dissent.